■ In the Matter of JOSE MONTES et al., Appellants, v TOWN OF THOMPSON, Respondent. [615 NYS2d 498] —White, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 26, 1993 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondent's cross motion to dismiss the petition as untimely.

Petitioners bring this proceeding to void an assessment of $1,675 for demolition expenses levied against them and their real property by respondent under Thompson Town Code § 33-10. Their sole contention on this appeal is that respondent did not obtain personal jurisdiction over petitioners pursuant to Town Code § 33-7.

Petitioners are owners of property located on Hay Street in Kiamesha Lake in the Town of Thompson, Sullivan County. On June 26, 1992, after an inspection of said premises, respondent's Building Inspector filed an unsafe building report with the Town Board indicating that the premises contained a burned-out building foundation which was open, unsafe and

constituted a danger to the public. Since the premises were unoccupied, and proceeding under Town Code chapter 33, the Unsafe Building Law, the Town Board forwarded a registered letter dated July 11, 1992, to petitioners at their post office box in Kiamesha Lake, the address listed on petitioners' tax bill, notifying them of the unsafe condition and that said premises were in violation of the Town Code. The letter further advised petitioners that the structure should be repaired or demolished and removed within 60 days and of their right to attend a hearing on this matter on August 4, 1992. The letter also indicated that should petitioners fail to repair or demolish the premises, respondent would perform the necessary repairs or removal and assess the expenses against the property in question.

Although this registered letter was received and signed for by petitioner Eugenia Montes, there was no appearance by petitioners at the Town Board meeting on August 4, 1992. Since the condition had not been rectified, the Town Board solicited bids for demolition and petitioners were advised by letter of the bid openings to be held on September 10, 1992. On September 15, 1992, a bid for demolition work on the property in the amount of $1,675 was accepted. On October 13, 1992, there having been no appearance by or on behalf of petitioners, the Building Inspector wrote to petitioners that demolition would proceed and that they should remove any belongings from the premises in question, and on October 22, 1992 the demolition took place. On November 17, 1992, the Town Board, pursuant to Town Code chapter 33, passed a resolution that the cost of demolition of the premises in question in the amount of $1,675 be levied on petitioners' 1993 town and county tax bill.

Town Code § 33-7 (a) provides that notice of a hearing shall be served by personal service upon the owner as shown by the records of the receiver of taxes or the County Clerk, or if no such person can reasonably be found by mailing to the owner by registered mail a copy of the notice directed to the last known address shown by the above records. Town Code § 33-7 (b) provides for service of the notice on an adult residing or occupying said premises if such person can reasonably be found, and Town Code § 33-7 (c) directs that a copy of such notice be affixed to the unsafe building.

The record indicates that respondent, having no occupant to serve in the vacant premises and no address for petitioners, other than that set forth on the tax rolls, mailed the July 11, 1992 notice by registered mail to petitioners at the address

listed on their tax bill, a notice petitioners concede they received, thus complying with Town Code § 33-7 (a). Since the premises were unoccupied, respondents were unable to personally serve any adult residing in said premises pursuant to Town Code § 33-7 (b) and the record indicates that the Building Inspector attached a copy of said notice to the unsafe building pursuant to Town Code § 33-7 (c).

Therefore, we find that respondent complied with the provisions of Town Code § 33-7 regarding service of the notice and the judgment of Supreme Court should be affirmed.

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.